IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00316-BNB

MAEGHAN DODGE, also known as
MAEGHAN ANNE DODGE,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
JOSEPH ORTIZ,
JOSEPH MORALES,
JUDGE MCGAHEY,
DEBRA AHLIN,
LIEUTENANT FRINGER,
SERGEANT JONES,
ROBERT THIEDA, JR.,
MARVIN SMALL,
MARK ALTHOLZ,
WILLIAM BOKROS,
JOAN SHOEMAKER,
JOHN PICKERING,
CORRECTIONAL MANAGEMENT, INC.,
JAMILA MCCOY,
DENVER COUNTY,
BOULDER COUNTY,
GOVERNOR OWENS,
LONGMONT COMMUNITY TREATMENT CENTER,
CORRECTIONAL MANAGEMENT INCORPORATED,
JAMILLA MCCOY, and
STATE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 24 2007

GREGORY C. LANGHAM
              CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Maeghan Dodge, also known as Maeghan Anne Dodge, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is

incarcerated at the Colorado Women's Correctional Facility in Cañon City, Colorado. She and five other intended Plaintiffs – Michael Dodge, Brianna Dodge, Dallas Wolff, David Smith, and a Jane Doe – submitted *pro se* a civil rights complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) that only Ms. Dodge signed.

Only Ms. Dodge submitted a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 (Supp. 2006), and only she has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006). Only Ms. Dodge submitted an amendment to the complaint listing some of the same parties as those Defendants listed in the caption to the complaint she originally submitted, as well as their addresses, which she was ordered to provide. Therefore, the Court has treated Ms. Dodge as the sole Plaintiff. However, the caption to this order contains a compilation of the names of the Defendants listed in the amendment to the complaint and the original complaint.

The Court must construe the complaint, as amended, liberally because Ms. Dodge is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Dodge will be ordered to file an amended complaint.

The Court has reviewed Ms. Dodge's complaint, as amended, and finds that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they

may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

    Ms. Dodge's complaint, as amended, is prolix. The complaint, as amended, fails to set forth a short and plain statement of her claims showing that she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Ms. Dodge asserts fourteen claims on behalf of herself and her former co-Plaintiffs, not all of which concern her or her conditions of confinement. Her first claim, concerning the Interstate Agreement on Detainers, appears to seek habeas corpus relief. To the extent Ms. Dodge may seek habeas corpus relief, such a claim must be asserted in a habeas corpus action after exhaustion

of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action.

Rather than summarizing each claim succinctly, Ms. Dodge apparently expects the Court to speculate who is being sued for what and how her constitutional rights have been violated. That is not the Court's job. It is Ms. Dodge's responsibility to edit and organize her claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for her. Ms. Dodge must assert, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated her rights.

Ms. Dodge also must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Dodge must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint, as amended, does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. Dodge should be given an opportunity to file an amended complaint. She will be directed to do so below.

Finally, Ms. Dodge is advised that she must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Ms. Dodge should review her claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Ms. Dodge file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Dodge, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Ms. Dodge submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Ms. Dodge fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint, as amended, and the action will be dismissed without further notice.

DATED April 24, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00316-BNB

Meaghan Anne Dodge
Prisoner No. 123998
CWCF
PO Box 500
Cañon City, CO 81215- 0500

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 4/24/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk