IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00316-ZLW

MAEGHAN ANNE DODGE, also known as
MAEGHAN DODGE,
    Plaintiff,

v.

JOSEPH ORTIZ,
JOSEPH MORALES,
DEBRA AHLIN,
LIEUTENANT FRANGER,
SERGEANT JONES,
ROBERT THIEDE, JR.,
MARVIN SMALL,
MARK ALTHOLZ,
WILLIAM BOKROS,
JOAN SHOEMAKER, and
GOVERNOR OWENS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 9 2007

GREGORY C. LANGHAM
              CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Maeghan Anne Dodge, also known as Maeghan Dodge, filed *pro se* on June 27, 2007, a motion titled "Motion Citing Reversible Error[,] Motion to Reinstate." Ms. Dodge asks the Court to reconsider and vacate the June 1, 2007, Order and Judgment of Dismissal. The Court must construe the motion liberally because Ms. Dodge is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Ms. Dodge's motion to reconsider in this action, which was filed more than ten days after the Court's Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the amended complaint and the action without prejudice after Ms. Dodge failed to file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8. Ms. Dodge does not challenge the Court's determination that her amended complaint did not comply with Rule 8.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Ms. Dodge fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court will not reopen this action to allow Ms. Dodge another opportunity to comply with Rule 8. Therefore, the motion to reconsider will be denied. Ms. Dodge is reminded that, because the instant action was dismissed without prejudice, she may pursue her claims by filing a new action if she chooses. Accordingly, it is

ORDERED that the motion titled "Motion Citing Reversible Error[,] Motion to Reinstate" that Plaintiff Maeghan Anne Dodge, also known as Maeghan Dodge, filed

*pro se* on June 27, 2007, and which the Court has treated as a motion to reconsider pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 6 day of July, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00316-BNB

Meaghan Anne Dodge
Prisoner No. 123998
La Vista Corr. Facility
1401 W. 17th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/09/07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk